The Honorable Jerry Karr State Senator, 17th District 1155 N. Highway 99 Emporia, Kansas 66801
Dear Senator Karr:
You request our opinion regarding the authority of the secretary of state to delay the deadline for filing nomination petitions and declarations of intention to become a candidate for the vacancy in the United States senate seat created by Senator Bob Dole's resignation. While your question is phrased in terms of the secretary of state's authority, because of the peculiar situation, the factual circumstances surrounding Senator Dole's resignation, and the recent issuance of the governor's writ of election, we respond in terms of the authority of the executive branch to so extend the deadlines.
K.S.A. 25-205 sets forth the deadline for filing nomination petitions and declarations of intention to become a candidate for any national, state, county and township office. The deadline is ordinarily 12:00 noon on June 10 prior to the primary election, with limited exceptions. Generally the offices up for election are known well in advance of this date. See K.S.A. 25-204 (the secretary of state is to send notice designating offices for which candidates are to be nominated at the primary election on or before April 2). However, Senator Dole announced his resignation on May 15, subsequent to the date notice was given under K.S.A. 25-204, and his resignation did not become effective until June 11, one day after the statutory deadline for filing. Soon after the announcement, the secretary of state declared that the filing deadline for that particular office, and no other, would be June 24 rather than June 10. Between May 15 and June 11, two democrat party candidates, two republican party candidates, one libertarian party candidate and one reform party candidate filed for Senator Dole's seat, all by declaration of intention. As there is no limitation on how soon one can file for office, otherwise proper filings made in advance of the effective date of the resignation are valid.
There is no express statutory authority for delaying the filing deadline in this specific situation, although the deadline has been legislatively delayed in other circumstances. See K.S.A. 25-205(h). There does exist, however, a clear statutory preference for the primary party nomination system as evidenced by its compulsory nature and the public policy reasons for its enactment. K.S.A. 25-202(a); Hamilton v. Raub,131 Kan. 392 (1930). Additionally, the United States constitution requires states to allow sufficient access to the ballot and the delay of the deadline in this instance was implemented in part to comply with this requirement, particularly for anyone who might wish to file by petition, it requiring one percent of the state voter registration list of the party designated to petition for the office of United States senator. K.S.A. 25-205(e)(1). See Anderson v. Celebrezze, 460 U.S. 780, 793,103 S.Ct. 1564, 76 L.Ed.2d 547 (1983) (voters' freedom of choice and freedom of association in an election of nationwide importance unquestionably outweighed Ohio's minimal interests in imposing a March deadline for independent candidates for president); Clements v. Fashing,457 U.S. 957, 964, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982) ("[t]he inquiry is whether the challenged restriction unfairly or unnecessarily burdens the `availability of political opportunity'"). Finally, the United States constitution specifically gives the chief executive of the state certain powers to see that a vacancy in the office of United States senator is filled by election as efficiently as possible.
The seventeenth amendment to the United States constitution speaks to the procedure for filling vacancies in the United States senate:
 "When vacancies happen in the representation of any state in the Senate, the executive authority of such state shall issue writs of election to fill such vacancies: Provided, That the legislature of any state may empower the executive thereof to make temporary appointment until the people fill the vacancies by election as the legislature may direct."
Essentially, this provision requires the governor to initiate an election to fill the vacancy, but allows the legislature to provide for temporary appointment by the governor, and to determine the election procedure by statute. Federal courts in other jurisdictions have held that theseventeenth amendment does not require a certain election procedure, but rather allows each state to determine the procedure. See Valenti v.Rockefeller, 292 F. Supp. 851 (S.D.N.Y. 1968), aff'd, 393 U.S. 40589 S.Ct. 689, 21 L.Ed.2d 635 (1969); Trinsey v. Commonwealth ofPennsylvania, 941 F.2d 224 (1991).
The only Kansas statute that deals with the filling of vacancies in the United States senate is K.S.A. 25-318, and the only requirement in that statute is that the vacancy be filled by election at "the next election of representatives in congress." The legislature has provided no additional guidance or requirements with regard to filling a vacancy in this office.
Because the Kansas statutes do not specify the procedure to be followed in the election to fill a senate vacancy, we believe that the governor has the authority under the seventeenth amendment to craft the procedure in his writ of election. While the courts in both Valenti and Trinsey,supra, envision the legislature as the body to decide the election procedure and do not refer to the governor's authority to issue the writ of election, in both of those cases the legislature had already specifically established the procedure thus negating any need for the governor to do so. In Kansas, the time and manner of election in this instance is anything but clearly established by statute. There is precedent in the statutes that existed at the time K.S.A. 25-318 was enacted that allowed the governor to determine, in a writ of election, the election procedure for filling vacancies. R.S. 25-315 (dealing with filling vacancies in state senate or house of representatives). Thus, the governor, agreeing with the secretary of state that there was not sufficient time between notice of the vacancy and the filing deadline, chose to extend the K.S.A. 25-205 deadline for filing for candidacy by his writ of election, thus adding support to the secretary of state's action in extending the deadline.
In so concluding, we are not unmindful of K.S.A. 25-3906 which provides in part:
 "(a) When a vacancy in a party candidacy for any national, state, district or county elective office occurs under the circumstances specified in this section, such vacancy shall be filled by the party committee of the congressional district, county or state, as the case may be, . . . .
 "(b) This section shall apply to any vacancy in a party candidacy which occurs after the closing time for filing to be a candidate specified in K.S.A. 25-205 and amendments thereto and prior to or on the day of the primary election, if such occurrence results in a political party not having a primary candidate for such office.
 "(c) This section shall apply when a vacancy occurs in an office, and it is provided by law that such vacancy shall be filled by appointment until the next general election at which time a person is to be elected to fill the unexpired term, or words of like effect, and such vacancy occurs during the period specified in subsection (b)."
K.S.A. 25-318 does not provide for a vacancy in a United States senate seat to be filled by appointment "until the next general election," stating instead that the appointment is "until the next election of representatives in congress." However, the court would likely find that the two provisions contain "words of like effect." Nevertheless, we do not believe that K.S.A. 25-3906 applies to the situation at hand. K.S.A. 25-3906(c) by its own terms applies only when a vacancy occurs during the period specified in subsection (b). Subsection (b) applies only if the occurrence of a vacancy results in a political party not having a primary candidate for the office in question. Here, because notice of the impending vacancy occurred on May 15, 1996, there has been sufficient opportunity to plan for placing the office on the primary ballot and, as noted above, there will be at least one candidate from each party on the ballot. Further, because the time for filing specified in K.S.A. 25-205 has been extended to June 24, K.S.A. 25-3906
would come into play only if a vacancy occurs in a party candidacy after June 24 and before the primary election. This interpretation is supported by the clear statutory preference for holding a primary election as opposed to selection of candidates by party committee or convention, and with prior case law addressing similar issues. For example, in Koehlerv. Beggs, 121 Kan. 897 (1926) the Court held that when no candidate was selected at the primary for a particular office, K.S.A. 25-3905 (then 25-220) allowing vacancies occurring after the holding of the primary to be filled by party committee did not apply when the vacancy actually occurred prior to the holding of the primary; in that case the party had failed to get a candidate's name on the primary ballot. Similarly, inHamilton v. Raub the Court concluded that K.S.A. 25-220 provided only for filling vacancies in primary nominations, not vacancies occurring as a result of death of an incumbent, etc., 131 Kan. at 397. In both these cases the Court construed the provisions of K.S.A. 25-220 (predecessor to K.S.A. 25-3906) very narrowly because of the clear preference for primary elections and a disdain for party candidate selection. See also State,ex rel. Andrews v. Gray, 169 So. 501 (Fla. 1936). We believe K.S.A.25-3906 is to be used only as a last resort in situations where a political party would otherwise have no primary candidate for the office in question.
In conclusion, in our opinion the governor and the secretary of state acting in concert have the power and authority to delay the deadline for filing nomination petitions and declarations of intention to become a candidate for purposes of filling a vacancy occurring in the United States senate when notice of the vacancy is given with sufficient time to prepare for utilization of the primary procedure, but the effective date of the resignation creating the vacancy falls after the filing deadline prescribed by statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm